WiLSON, Chief Justice, delivered the' opinion of the court: The second assignment of error which questions the correctness of the instruction of the court, raises the only point in the case that can properly be investigated ; and the decision of that point disposes of the whole case. In the trial of the cause in the court below, the legality of _ the sale of a steamboat became a material question, and the court instructed the jury, “that in order to constitute a bona fide purchaser, the consideration must be paid, and not merety secured to be paid.” In one aspéct of the case, this instruction must have had a decisive influence upon the determination of the jury, and in no view of it can it be regarded as correct. When the sale of an ar-ticíe of property is in other respects fair and legal, allowing time for the payment of the purchase money, does not vitiate, or even impugn the legality of the transaction. Sales upon time are of more frequent occurrence than cash sales, and are of equal validity. To declare otherwise would establish a new rule which would set afloat, and render doubtful and precarious the titles to a large portion of the property of the community. The objection that the plaintiff cannot contest the propriety of this instruction, because it was given as a qualification to that asked for by himself, is without even plausibility. A party is not precluded from objecting to an erroneous instruction which operates against him, merely because it is given in connexion with one which he may have prayed for, notwithstanding that prayed for may also be illegal. When instructions are given by the court at the instance of a party, it is just and proper that he should afterwards be estopped by his own act from denying their legality; but upon no principle can he be debarred from resisting a decision which he has neither solicited nor sanctioned. The decision of the court below is reversed, and the cause remanded for a rehearing. Judgment reversed.